## UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Western Division

| | |
|---|---|
| **DAVID MAZZA,**<br><br>               Plaintiff<br><br>vs.<br><br>**AETNA CASUALTY AND LIFE INSURANCE COMPANY, et. al.**<br>               Defendants. | **CIVIL ACTION NO.**<br>04-30020-MAP |

## MEMORANDUM IN SUPPORT OF
## DEFENDANT, AETNA CASUALTY AND LIFE INSURANCE COMPANY'S[1]
## MOTION TO STRIKE JURY DEMAND

### I.    INTRODUCTION

The defendant in this action, incorrectly named as Aetna Casualty and Life Insurance

Company but which in actual fact should be Aetna Life Insurance Company ("Aetna")[2], requests that

this Court strike the jury demand contained in the plaintiff's complaint in this action. The complaint

contains three counts, two against Aetna and one against a co-defendant, Verizon Communications,

Inc. ("Verizon").   The plaintiff asserts two counts seeking the recovery of benefits under

§502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), one against

---

[1]As discussed in the memorandum in support of this defendant's motion to dismiss, which has been filed this same day, Aetna Casualty and Life Insurance Company, the named defendant in this action, actually does not exist, and the plaintiff's identification of the defendant is a misnomer. The actual entity to which this complaint is apparently targeted is Aetna Life Insurance Company, which, at one time, had provided certain claims administration services to the plaintiff's employer and that employer's benefit plans.

[2]See fn. 1 *supra*.

each of the defendants, as well as a count against Aetna seeking recovery under Massachusetts

General Laws chapters 93A and 176D.

In addition to pleading these three counts against the two defendants, the plaintiff, in the

complaint, demands a trial by jury on, in his words, "all issues so triable." See Complaint at page

13. There are, however, no issues presented by any of the counts that is subject to determination by

a jury and, as a result, this Court should strike the plaintiff's demand for a jury.

## II.     Argument

### A.     The Plaintiff is Not Entitled to a Jury Trial on his Claims Under ERISA §502(a)(1)(B)

As noted above, the plaintiff has asserted two counts seeking recovery under ERISA

§502(a)(1)(B).  Count I of the complaint seeks this relief from Verizon, while Count II of the

complaint seeks this relief from Aetna.  It is well established in the district courts of this circuit that

a trial by jury is unavailable on such a claim.  E.g. Dudley Supermarket, Inc. v. Transamerica Life

Ins. and Annuity Co., 188 F.Supp.2d 23  (D.Ma. 2002), *aff'd* 302 F.3d 1(1st Cir. 2002); Canis v.

Coca-Cola Enterprises, Inc., 49 F.Supp.2d 73    (D.RI. 1999); Turner v. Fallon Community Health

Plan, Inc., 926 F.Supp. 17  (D.Ma. 1996), *aff'd* 127 F.3d 196  (1st Cir.1997); Gentile v. John

Hancock Mut. Life Ins. Co., 951 F.Supp. 284  (D.Ma. 1997).  Furthermore, although the United

States Court of Appeals for the First Circuit has not ruled on this issue, numerous other federal

circuit courts have addressed the issue, and have concluded that "a party is not entitled to a jury trial

in an ERISA action." Gentile at 290 -91 (collecting cases).

Accordingly, as a matter of law, the plaintiff is not entitled to a jury trial on Count I and

Count II of his complaint, in which he alleges claims under ERISA §502(a)(1)(B).

**B.    The Only Remaining Count is Preempted and Therefore Cannot Support A Jury Demand**

The only other count contained in the plaintiff's complaint is Count III, a claim against Aetna for recovery under Massachusetts General Laws chapters 93A and 176D. The claim is premised on Aetna's actions in denying the plaintiff's claim for benefits during the time period that Aetna was the administrator of the employee benefit plan under which the plaintiff was seeking benefits. The plaintiff alleges, however, that the benefits at issue were available to him as part of a benefit plan in which he participated as an employee of Verizon. See Complaint at ¶10. This allegation leads inexorably to the conclusion that the denial of benefits to him under that plan was part of the administration and provision of an employee benefit plan for purposes of ERISA. E.g., Andrews-Clarke v. Lucent Technologies, Inc., 157 F.Supp.2d 93 (D.Ma. 2001). As a result, any state law claims brought by the plaintiff related to his right to benefits under that plan, including his claim under Massachusetts General Laws chapter 93A and 176D, are preempted by the ERISA statute, which contains an express preemption provision which precludes "state claims to enforce rights under an ERISA plan or obtain damages for the wrongful withholding of those rights." Turner v. Fallon Community Health Plan, 127 F.3d 196, 199 (1st Cir. 1997). It is firmly established in this circuit that claims brought under Massachusetts General Laws chapter 93A and chapter 176D that are based on the administration of an employee benefit plan or on decisions as to whether to grant benefits under such a plan are preempted by this statutory provision. E.g. Hotz v. Blue Cross & Blue Shield of Massachusetts, Inc., 292 F.3d 57. 59 -60 (2002).

This Court has previously found, on comparable circumstances, that where state law claims are preempted, and the only other causes of action in the lawsuit are for recovery under ERISA, there is no legally cognizable basis for a demand for a jury trial and there is no basis to allow trial by jury.

<u>Dudley Supermarket, Inc.</u>, 188 F.Supp.2d at 23.  This is the same scenario presented by the present matter, and this Court should therefore find that the state law claim made in Count III of the complaint likewise does not provide any ground on which to base a claim for a jury trial in this suit.

## IV.    CONCLUSION

For the reasons detailed above, the plaintiff cannot properly claim a jury trial in this lawsuit. This Court should therefore strike the demand for a jury contained in the plaintiff's complaint.

Respectfully submitted,

**Aetna Life Insurance Company**
By its attorneys,

Dated: _April 13, 2004_

Stephen D. Rosenberg
**McCormack & Epstein**
One International Place - 7th Floor
Boston, MA    02110
Ph:  617/951-2929

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record by depositing a copy hereof in the U.S. Mail, postage prepaid, addressed to:

Anthony G. Collins, Esq.
121 State Street - Suite 102
Springfield, MA   01103
Ph: 413/746-9003
*[Attorney for Plaintiff]*

Amy D. Seifer, Esq.
Lisa M. Birkdale, Esq.
**Verizon Communications, Inc.**
Legal Department
185 Franklin Street
Boston, MA   02110-1585
Ph: 617/743-5764
*[Attorneys for Defendants*
*Verizon New England, Inc. and*
*Verizon Communications, Inc.]*

Karen M. Wahle, Esq.
**O'Melveny & Myers, LLP**
1625 Eye Street, NW
Washington, D.C.   20006
Ph: 202/383-5300
*[Attorneys for Defendants]*

**DATED** this ___ day of ___, 2004.

_____
Stephen D. Rosenberg
**McCormack & Epstein**
One International Place - 7th Floor
Boston, MA   02110
Ph: 617/951-2929
*[Attorney for Defendant, Aetna]*

61786.1