IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID MAZZA, )<br>)<br>            Plaintiff, )<br>      v. )<br>)<br>VERIZON SICKNESS AND ACCIDENT )<br>DISABILITY BENEFIT PLAN FOR NEW )<br>ENGLAND ASSOCIATES, VERIZON )<br>COMMUNICATIONS INC., and AETNA )<br>CASUALTY AND LIFE INSURANCE )<br>COMPANY, )<br>)<br>            Defendants. )<br>) | Civil Act. No. 04-30020-MAP |

THE VERIZON DEFENDANTS' ANSWER
TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants Verizon Sickness and Accident Disability Benefit Plan for New England Associates ("the Plan") and Verizon Communications Inc. ("Verizon") (collectively, the "Verizon Defendants"), in answer to plaintiff's Complaint and Demand for Jury Trial,[1] hereby admit, deny and assert as follows:

Introduction.  Admit that plaintiff purports to assert claims under state and federal law but deny that he is entitled to any relief on his claims. Deny each and every remaining allegation of the Introduction.

1.    Assert that they are without information or knowledge sufficient to form a belief as to the location of the plaintiff's residence.

---

[1] Counts II and III of Plaintiff's Complaint and Demand for Jury Trial are asserted against defendant Aetna Casualty and Life Insurance Company only. The Verizon Defendants, therefore, answer only with regard to Count I.

1

2. Admit that the Plan is an employee benefit plan and an accident and health plan as those terms are defined in paragraph 2. Deny each and every remaining allegation in paragraph 2.

3. Admit that certain subsidiaries of Verizon conduct business in Massachusetts and are officed in Massachusetts. Deny each and every remaining allegation of paragraph 3.

4. Admit that Aetna Life Insurance Company had certain responsibilities for claims administration under this Plan. Deny each and every remaining allegation in paragraph 4.

5. Incorporate their responses to paragraphs 1-4.

6. Deny each and every allegation in paragraph 6, except admit that jurisdiction is proper in this Court

7. Incorporate their responses to paragraphs 1-6.

8. Admit that plaintiff commenced employment with a subsidiary of a predecessor corporation of Verizon on or around August 1, 1979.

9. Admit that plaintiff was employed as a service representative for a subsidiary of a predecessor corporation of Verizon. Deny each and every remaining allegation in paragraph 9.

10. Admit that plaintiff was a participant in the Plan during portions of his employment. Deny each and every remaining allegation in paragraph 10.

11. Deny each and every allegation in paragraph 11.

12. Assert that they are without information or knowledge sufficient to form a belief as to the allegations in paragraph 12.

13. Assert that they are without information or knowledge sufficient to form a belief as to the allegations in paragraph 13.

14. Assert that they are without information or knowledge sufficient to form a belief as to the allegations in paragraph 14.

15. Assert that they are without information or knowledge sufficient to form a belief as to the allegations in paragraph 15.

16. Admit that plaintiff ceased work on or around May 21, 2002. Deny each and every remaining allegation in paragraph 16.

17. Admit that on or about December 9, 2002 plaintiff's counsel sent a demand letter to Aetna Life Insurance Company. Deny each and every remaining allegation in paragraph 17.

18. Deny each and every allegation in paragraph 18.

19. Admit that plaintiff has exhausted the Plan's internal claims procedures. Deny each and every remaining allegation in paragraph 19.

20. Incorporate their responses to paragraphs 1-19.

21. Deny each and every obligation in paragraph 21.

22-32 These claims and allegations are asserted only against defendant Aetna Casualty and Life Insurance and the Verizon Defendants need not respond to the extent a responsive pleading is necessary, deny each and every allegation in paragraphs 22-32.

## FIRST DEFENSE

22. Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

23. Plaintiff's claim seeks relief not authorized by the provisions of ERISA.

### THIRD DEFENSE

24.     Plaintiff's claim is barred in whole or in part by the applicable statute of limitations.

### FOURTH DEFENSE

25.     Plaintiff has not suffered any loss or injury caused by the actions of the Verizon Defendants.

### FIFTH DEFENSE

26.     Plaintiff is not entitled to the benefits sought because the requisite conditions precedent for entitlement of such benefits have not been satisfied.

### SIXTH DEFENSE

27.     Jury trial is not available.

WHEREFORE, the Verizon Defendants pray that this Court enter an Order:

(1)     dismissing the First Amended Complaint with prejudice and declaring that plaintiff take nothing by his complaint,

(2)     awarding the Verizon Defendants their reasonable attorneys' fees and costs, and

(3)     providing such further relief as is just and equitable.

Dated: April 12, 2004

By: /s/ Lisa M. Birkdale

Lisa M. Birkdale, BBO #549663
Amy D. Seifer, BBO #550639
Verizon Communications Inc.
Legal Department
185 Franklin Street
(617) 743-5764

Karen M. Wahle
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, D.C. 20006

(202) 383-5300
Attorneys for Defendant
Verizon Communications Inc. and
Verizon Sickness and Accident Disability
Benefit Plan for New England Associates

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of The Verizon Defendants' Answer to plaintiff's Complaint and Demand for Jury Trial was addressed to the plaintiff, David Mazza, and was mailed via overnight delivery on this 12th day of April 2004 to the following:

>Anthony G. Collins
>121 State Street – Suite 102
>Springfield, MA 01103
>(413) 746-9003
>
>Counsel for Plaintiff

_____

DC1:582028.2