UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. 04-30020-MAP

|  |  |
|---|---|
| DAVID MAZZA,<br>　　　　　Plaintiff<br><br>vs.<br><br><br>VERIZON SICKNESS AND ACCIDENT<br>DISABILITY BENEFIT PLAN FOR<br>NEW ENGLAND ASSOCIATES, VERIZON<br>COMMUNICATIONS, INC., AETNA<br>CASUALTY AND LIFE INSURANCE<br>COMPANY,<br>　　　　　Defendants | **PLAINTIFF'S MOTION AND**<br>**MEMORANDUM IN REPLY AND/OR**<br>**OPPOSITION TO DEFENDANT**<br>**AETNA CASUALTY AND LIFE**<br>**INSURANCE COMPANY'S**[1] **MOTION**<br>**FOR JUDGMENT ON THE PLEADINGS**<br>**TO DISMISS AND MOTION TO**<br>**STRIKE JURY DEMAND** |

I.  **INTRODUCTION**

   Now comes the Plaintiff in the instant matter and hereby

---

[1] Aetna's motion and supporting documents indicate at several intervals that the above captioned defendant "Aetna Casualty and Life Insurance Company" is a misnomer and that the proper party defendant should be "Aetna Life Insurance Company". In fact, the undersigned counsel contacted the Connecticut Secretary of State's Corporation Division prior to filing the instant complaint and did verify that "Aetna Life Insurance Company" is a current listing. Nevertheless, several concurrent searches with the Massachusetts Secretary of State derived no such listing as a foreign corporation registered in this Commonwealth. Moreover, the Massachusetts Secretary of State had many different subsidiaries listed under the Aetna penumbra, and the one which is captioned above was the closest in identity (from the various correspondence emanating from Aetna prior to suit) to those choices listed by the Massachusetts Secretary of State. The undersigned can also report anecdotally from prior occasions in which he has filed suit against Aetna that invariably an entity different from that involved in pre-complaint dealings is purported to be the proper party defendant after suit is commenced. At any rate, upon receipt of documentation from Aetna evincing a nexus between "Aetna Life Insurance Company" and the events leading to the instant complaint, the Plaintiff would be more than amenable to amending said complaint or taking whatever curative action this court deems proper.

2

responds to the motions on the pleadings filed by the Defendant Aetna Casualty and Life Insurance Company (hereinafter "Aetna"). As an initial matter, the Plaintiff does **not** oppose the Defendant Aetna's "Motion to Strike Jury Demand" and concedes that such demands may be stricken from the Complaint. However, the Plaintiff does oppose Aetna's Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6)[2], and for the reasons set forth below, the Plaintiff hereby requests that this Honorable Court **DENY** said motion in its entirety.

## II.  STANDARD OF REVIEW

As this court is aware, a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) involves a determination as to whether the plaintiff has stated a claim upon which relief may be granted, and the court must assume all factual allegations in the complaint to be true and draw all reasonable inferences in favor of the non-moving party. **Feliciano v. Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998)**. Consequently, judgment on the pleadings is never appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief". **Santiago v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991)**. Because of this stringent standard, the issue in a 12(b)(6) motion is not whether the plaintiff will prevail, but rather, whether he should have the opportunity to prove his claims. **Conley v. Gibson, 355 U.S. 41,**

---

[2] Because Aetna's motion to dismiss asks the court to consider information other than that contained in the pleadings (namely an affidavit from an Aetna employee), it is submitted that the motion should perhaps be treated as a

3

**45 (1957).** Lastly, as set forth in Footnote 2, the motion to dismiss filed by Aetna asks the court to consider matters outside the pleadings, and thus, may indeed be more akin to a motion for summary judgment. Were the court to treat the motion as such, any inferences and the like would still have to be drawn in favor of the non-moving party, and summary judgment should not be allowed unless the Defendant has meet its significant burden of proving the absence of any genuine issue of material fact regarding the non-moving party's case. See e.g.; **McConnell v. Texaco, Inc., 727 F. Supp. 751 (D. Mass. 1990).**

### III. ARGUMENT

The Defendant Aetna's motion to dismiss is essentially predicated on two suppositions; first that the ERISA claim against Aetna (Count II of the Complaint) fails as a matter of law because that entity is no longer the administrator of the Verizon Sickness and Accident Disability Plan for New England Associates (hereinafter "Plan") from which the Plaintiff seeks relief, and second, that the Plaintiff's claim pursuant to M.G.L. c. 176D (Count III of the Complaint) is preempted by ERISA and therefore should be dismissed. For the reasons set forth below, it is submitted that Aetna's theories in support of its motion are fallacious and the motion to dismiss should be denied. Alternatively, the Plaintiff avers that genuine issues of fact abound regarding Aetna's contentions thereby arbitrarily precluding judgment on the pleadings and/or summary judgment. In

---

motion for summary judgment pursuant to Fed. R. Civ. P. 56.

4

that the above cited preemption prong is probably the less complex of the two, it will addressed by the Plaintiff first.

### A. **Aetna's argument that the Plaintiff's claim under M.G.L. Chapter 176D is preempted by ERISA**

In support of its position in this regard, Aetna cites the case of **_Hotz v. Blue Cross and Blue Shield of Massachusetts Inc._, 292 F.3d 57 (1st Cir. 2002)**. While in the humble estimation of the undersigned **Hotz** and similar decisions personify what one federal court euphemistically described as ERISA's "pac-man" like penchant for consuming factually relevant state law claims, it is also clear that the decision is binding precedent in this circuit. Nonetheless, there is a crucial difference between the matter here at issue and the facts presented in **Hotz** and its progeny, and it is that difference which thwarts Aetna's contention that the Plaintiff's claim under M.G.L. c. 176D should be preempted by ERISA. In particular, the court should be reminded that the claimant in **Hotz** (and in almost every other federal case addressing the precise issue at hand) filed a count seeking redress under Chapter 176D **and** Chapter 93A, and accordingly, the court(s) found that the claim was not exclusively directed at the insurance industry (and thereby not "saved" from ERISA preemption) since the conjoined 93A claim took the matter outside the sole purview of insurance and placed it squarely into the realm of the all-encompassing regulation of business conduct which Chapter 93A contemplates.

5

However, as can be derived from simply looking at the complaint filed in this matter, Count III is not the type of hybrid Chapter 93A/176D demand addressed in **Hotz**, but instead a claim for redress under Chapter 176D **only**. To that end, it should be noted from the complaint that the Plaintiff does not list "Chapter 93A" in the caption of Count III or elsewhere enumerate a specific cause of action under M.G.L. c. 93A.

For the above reasons, the Plaintiff submits that his claim for relief under M.G.L. c. 176D is exclusively directed at the insurance industry (and subject to the "saving" statute), and therefore, is not preempted by ERISA. That being the case, Aetna's motion to dismiss Count III of the complaint should be denied.

### B. Aetna's argument that the ERISA claim against it must be dismissed since it no longer serves as the administrator of the Verizon plan

As noted above, the first prong of the 12(b)(6) motion here at issue (and the affidavit appended to the motion) posits that, as of March 31, 2003, Aetna ceased to be the third party administrator of the Verizon plan and that all of Aetna's fiduciary rights and obligations relative to the plan terminated as of that date. The Defendant's memorandum goes on to cite the case of **Hall v. Lahco, 140 F.3d 1190 (8th Cir. 1998)** as affirmation of its purported theory that in no circumstances may a plaintiff maintain a claim under ERISA §502(a)(1)(B) against a former third party administrator who is no longer the administrator at the time suit is commenced. Since the court's

6

review is strictly limited to the pleadings (and perhaps the affidavit appended to the Defendant's motion), and since all facts and reasonable inferences must be construed in favor of the Plaintiff, Aetna's argument as to dismissal of the ERISA claim must fail for several prominent reasons.

First it is crucial, and indeed dispositive, to note that the administrator in the **Hall** case cited by Aetna appeared to perform only ministerial services on behalf of the plan in question, and in fact, that entity's sole duty was to determine whether claims might be covered by other insurance, and if so, it simply sent out various subrogation forms in that regard. In the instant case, as set forth in the Plaintiff's complaint, Aetna's responsibilities in administering the Verizon plan went well beyond the type of ministerial or functionary duties carried out by the administrator in **Hall**. In fact, the pleadings make it manifestly clear that Aetna was not only intimately involved in the discretionary task of determining the Plaintiff's eligibility for disability benefits, it was also the **only** entity which took an active part in determining (and ultimately denying) these benefits.

In point of fact, to allow Aetna's motion to dismiss as to Counts II and III of the complaint would lead to the paradoxical result of absolving from liability the one single entity which actively made the adverse decisions which led to the instant cause of action. Certainly, such an outcome would be antithetical to the legislative purpose of the ERISA scheme which was intended

7

to be a claimant's primary (if not sole) means of redress for employee benefit claims, and such a result would be draconian considering the statute's all-encompassing nature and potent preemption capacity.

The distinction between ministerial and discretionary tasks is crucial not only as a means to distinguish the holding in **Hall** upon which Aetna bases its motion to dismiss Count II, but more importantly, the discretion which Aetna was afforded in summarily denying the instant benefits claim leads to the inexorable conclusion that Aetna was a "fiduciary" within the meaning the ERISA statutory scheme. As such, Aetna's status as the erstwhile administrator of the Verizon plan would not be a basis for dismissal since the ERISA scheme contemplates redress for the conduct of a fiduciary **at the time** the actions (or omissions) took place without regard to whether the fiduciary still holds that position when suit is commenced or other redress sought.

Specifically, ERISA defines a fiduciary as any entity or person who has any discretionary authority over the administration of the plan. See, 29 U.S.C. §1002(21)(A). As was noted in the recent first circuit decision of **Degnan v. Publicker Industries, Inc.**, *42 F.Supp.2d 113, 119-120 (D. Mass. 1999)* the issue of whether one is a "fiduciary" for ERISA purposes "turns on whether the defendant was exercising 'discretionary authority' respecting 'management' or 'administration' of an ERISA plan", and further (citing **Varity Corp. v. Howe**, *516 U.S. 489, 511 (1996)*), that "a plan administrator engages in a fiduciary act

8

<u>when making a discretionary determination about whether a claimant is entitled to benefits under the terms of the plan documents</u>". (Emphasis added). Based on this uncomplicated standard, and when considering only the pleadings in this matter, it is incontrovertible that the Defendant Aetna was acting as a fiduciary for purposes of ERISA liability, especially since Aetna was the only entity which made claims eligibility determinations regarding the Plaintiff herein. As such, Aetna remains amenable to ERISA liability irrespective of whether it has relinquished the role of third party administrator since the time it engaged in the conduct alleged in the Plaintiff's complaint.

Another important distinction regarding **_Hall_** is that, unlike the instant matter, the Plaintiff in that case did not name the benefits plan itself as a party defendant, and in essence the only party subjected to suit under ERISA was the defendant administrator. This pleading omission, when combined with the argument raised above regarding the apparent and total lack of discretionary authority afforded the administrator in **_Hall_** (thereby completely differentiating that entity from Aetna here), makes the ruling in **_Hall_** totally inapposite to the facts presented in the instant case. More particularly, the failure of the plaintiff in **_Hall_** to designate the plan as a defendant proved fatal since the court reasoned that the former administrator in that specific circumstance was in no position to provide the two major types of relief contemplated by Section 502(a)(1)(B), namely "legal" relief in the form of money or other benefits due

9

and "equitable" relief in the guise of clarification of past or future rights under a given plan. However, implicit in the **Hall** ruling in this regard is the notion that the administrator in that case, even when it was actively engaged as such, never had the discretionary and fiduciary authority to deny or grant the relief sought under §502.

By contrast, while Aetna may no longer be the designated administrator of the plan here at issue, it is important to reiterate that Aetna was the only entity in the instant case which ever had the authority and/or discretion to deny the Plaintiff's claim, and as such, it remains a proper party Defendant since genuine issues of fact remain as to whether Aetna breached it's fiduciary duty in carrying out its decision making mandates relevant to the subject Verizon plan .

In fact, in acknowledging a significant split of federal authority with respect to the issue here at hand, the court in **Hall at 1194-1195** sets forth a string of citations wherein various circuits, including the First Circuit, recognized a claimant's right under ERISA to maintain suit against administrators or entities which exercised discretionary authority similar or identical to that exercised by Aetna in the instant matter. In the interest of brevity, the citations set forth in **Hall** are omitted for these purposes. Nevertheless, the case characterized the split of authority as involving those circuits taking the position that only the ERISA plan itself is ever a proper defendant, and the other school of thought (to

which our own First Circuit has attached itself), holding that in addition to the actual plan, the plan administrator and whoever else controls the administration of the plan may be proper defendants under §502(a)(1)(B).

While Aetna's argument based on **Hall** essentially asks this court to adopt the former position, namely that the Verizon plan can be the only legitimate party defendant in this case, that argument collapses under the collective weight of those first circuit decisions (and the numerous out of circuit cases cited in **Hall**) which have uniformly adopted the second prong of the "circuit split" allowing claimants to maintain suit against administrators and other fiduciaries who take part and make substantive decisions during the claims process. See e.g., **Terry v. Bayer Corp.**, 145 F.3d 28, 35-36 (1st Cir. 1998)(Noting that "ERISA contemplates actions against an employee benefit plan and the plan's fiduciaries", and holding that "the proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan"); See also, **Law v. Ernst & Young**, 956 F.2d 364, 372-74 (1st Cir. 1992)(ERISA claim under §1132(c)(1) may be properly brought against plan administrator or any other person or entity which controls administration of the plan or controls dissemination of plan information).

Of course, implicit in each of the above cited first circuit decisions allowing an administrator to be sued under ERISA for adverse benefits decisions is the concept that these entities are

11

proper defendants based on conduct which occurred **prior** to the filing of suit, and to that end, these decisions completely undermine Aetna's suggestion that it should be excluded from liability since it no longer serves as the administrator of the Verizon plan. In addition, since the Defendant in **Law, supra,** was being held responsible for the conduct of its predecessor corporation (Arthur Young) it carrying out its duties as plan administrator, that decision is instructive regarding the ERISA liability which may inure to successor and/or predecessor entities which, for fortuitous reasons, are not so engaged at the time suit is commenced, and reinforces the sentiment that Aetna cannot be absolved of liability for its pre-suit wrongful conduct by virtue of its status as an erstwhile administrator. Also, the First Circuit has held in the legally analogous situation (albeit involving a party reversal wherein the Plaintiff/Employee rather than the Defendant/Administrator was no longer connected with a benefit plan) that an individual has standing to seek redress under ERISA despite no longer being a beneficiary or enrolled participant in a qualified plan. See e.g.; **Laurenzano v. Blue Cross and Blue Shield of Ma.**, 134 F.Supp.2d 189(D. Mass. 2001; **Sotiropoulos v. Travelers Indemnity Co.**, 971 F.Supp. 52 (D. Mass. 1997).

Based on the foregoing, therefore, the Plaintiff submits that Aetna cannot be deemed immune from liability simply by virtue of its suggestion that it is no longer the claims administrator for the Verizon plan here at issue. At a minimum,

12

the above discussion points out numerous questions of fact about Aetna's role regarding the Plaintiff's disability claim which preclude the entry of summary judgment, and which make it incontrovertible that Aetna's request for judgment on the pleadings pursuant to Fed. R. Fed. P. 12(b)(6) should be denied.

## CONCLUSION

For each of the reasons enumerated above, the Plaintiff hereby respectfully submits that the Defendant Aetna's Motion to Dismiss should be **DENIED** in its entirety and with prejudice.

**THE PLAINTIFF HEREIN ALSO REQUESTS AN OPPORTUNITY TO BE HEARD AT ORAL ARGUMENT IN OPPOSITION TO THE DEFENDANT AETNA'S MOTION TO DISMISS**

THE PLAINTFF
DAVID MAZZA

By: _____
Anthony G. Collins, Esquire
121 State Street-Suite 102
Springfield, MA 01103
(413) 746-9003
(413) 746-4114 (fax)
BBO# 561180

Dated: 5/3/04

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused a true copy of the following documents:

1. **PLAINTIFF'S MOTION AND MEMORANDUM IN REPLY TO DEFENDANT AETNA'S MOTIONS FOR JUDGMENT ON THE PLEADINGS AND TO STRIKE JURY DEMAND (W/REQUEST FOR HEARING)**

to be served upon all parties by mailing the same, first class mail postage pre-paid, to the following:

Stephen D. Rosenberg, Esq.
McCormack & Epstein
One International Place-7th Floor
Boston, Ma.
02110

Karen M. Wahle, Esq.
O'Melveny & Myers, LLP
1625 Eye Street, NW
Washington, D.C.
20006

Amy D. Seifer
Verizon Communications, Inc.
Legal Department
185 Franklin Street
Boston, Ma.
02110-1585

by: Anthony G. Collins, Esq.
121 State St.-Suite 102
Springfield, Ma.   01103
(413) 746-9003
BBO# 561180
(Attorney for Plaintiff)

Dated: 5/4/04