UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. 04-30020-MAP

| | |
|---|---|
| DAVID MAZZA,<br>        Plaintiff<br><br>vs.<br><br>VERIZON SICKNESS AND ACCIDENT<br>DISABILITY BENEFIT PLAN FOR<br>NEW ENGLAND ASSOCIATES, VERIZON<br>COMMUNICATIONS, INC., AETNA<br>CASUALTY AND LIFE INSURANCE<br>COMPANY,<br>        Defendants | **PLAINTIFF'S MOTION FOR<br>RELIEF FROM JUDGMENT OR<br>ORDER** |

Now comes the Plaintiff in the instant matter and, pursuant to Fed. R. Civ. P. 60(b), hereby moves for relief from an May 5, 2004 order of this court allowing a Motion to Dismiss filed by the Defendant Aetna Casualty and Life Insurance Company (hereinafter "Aetna"). The essence of the court's decision appears to be that the Plaintiff did not respond to the Defendant Aetna's motion within the requisite fourteen day period contemplated in Local Rule 7.1(B)(2). For the reasons set forth below, the Plaintiff submits that the failure to timely file an opposition was "excusable neglect" within the meaning of Rule 60(b) such that relief from judgment is warranted.

2

Specifically, the Plaintiff would direct the court to the affidavit appended hereto as **Exhibit "A"** which indicates that the undersigned received Aetna's Motion to Dismiss in the mail on April 13, 2004, and as part of a required Rule 7.1 consultation, the undersigned informed Aetna's counsel Stephen D. Rosenberg on the same day that he did oppose Aetna's motion and would be filing a written opposition. For present purposes, the conversation with Attorney Rosenberg was significant in that the undersigned informed him in unequivocal terms that he was undergoing extensive surgery on the very next day (4/14/04), and therefore, the written opposition to Aetna's motion would definitely not be proffered within the allotted fourteen day period. Consequently, while the prevailing exigencies precluded an immediate request for extension with the court[1], Aetna was well aware that the Plaintiff's response would not be filed in a timely fashion and Aetna's attorney did not voice any objection to a late response. Hence, in addition to the fact that the timing of the undersigned's surgery supports a claim of "excusable neglect", it is also clear that Aetna was cognizant that the opposition to their motion would be tendered after the fourteen day period contemplated in the rules, and thus, Aetna was not prejudiced by the late filing.

Lastly, as the court may be aware, the Plaintiff has offered more than just a token opposition to Aetna's motion to dismiss, and in fact a twelve page memorandum of law was offered

---

[1] The undersigned does fully acknowledge that a subsequent request for an extension would have been preferable.

3

in support of said opposition. It is also worth noting that this memorandum was researched and drafted during a period when the undersigned was under doctor's orders to be convalescing, and at the risk of sounding presumptuous or self-pitying, it took a Herculean effort to file the aforesaid opposition memorandum on May 4, 2004, only a few days after the original fourteen day response period expired.

### CONCLUSION

For each of the reasons enumerated above, the Plaintiff hereby respectfully requests relief from this Honorable Court's May 5, 2004 order allowing the Defendant Aetna's Motion to Dismiss, and the Plaintiff would reiterate his original request to be heard in opposition to Aetna's Motion to Dismiss.

**THE PLAINTIFF HEREIN ALSO REQUESTS AN OPPORTUNITY TO BE HEARD AT ORAL ARGUMENT IN SUPPORT OF THIS MOTION IF THE COURT SO ALLOWS**

THE PLAINTFF
DAVID MAZZA

By: Anthony G. Collins, Esquire
121 State Street-Suite 102
Springfield, MA 01103
(413) 746-9003
(413) 746-4114 (fax)
BBO# 561180

Dated: 5/11/04

# EXHIBIT "A"

## AFFIDAVIT

I, Anthony G. Collins, Esq., hereby on oath depose and state the following:

1. I am the attorney of record for the Plaintiff David Mazza with regard to the matter presently before the court, and pursuant to that representation, I received in yesterday's mail an order from the court (Ponsor, J.) dated May 5, 2004 allowing a Motion to Dismiss filed by the Defendant Aetna;

2. On or about April 13, 2004, I received in the mail a copy of the above referenced Motion to Dismiss, and on the same day (4/13/04) I consulted by telephone with Aetna's counsel of record Stephen D. Rosenberg Esq. as part of a Rule 7.1 conference. During that conference I indicated to Attorney Rosenberg that I would be opposing Aetna's motion in writing, but because I was having surgery the very next day (4/14/04), the undersigned affiant also informed Attorney Rosenberg that the written opposition would not be filed within the fourteen day period contemplated by Fed. R. Civ. P. 7.1(B)(2). Attorney Rosenberg did not voice an objection to a late filing of the Plaintiff's opposition to Aetna's Motion to Dismiss;

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 11th DAY OF MAY, 2004**

_____
Anthony G. Collins, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true copy of the following documents:

**1. PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

to be served upon all parties by mailing the same, first class mail postage pre-paid, to the following:

Stephen D. Rosenberg, Esq.
McCormack & Epstein
One International Place-7th Floor
Boston, Ma.
02110

Karen M. Wahle, Esq.
O'Melveny & Myers, LLP
1625 Eye Street, NW
Washington, D.C.
20006

Amy D. Seifer
Verizon Communications, Inc.
Legal Department
185 Franklin Street
Boston, Ma.
02110-1585

by: Anthony G. Collins, Esq.
121 State St.-Suite 102
Springfield, Ma.   01103
(413) 746-9003
BBO# 561180
(Attorney for Plaintiff)

Dated: 5/11/04