**UNITED STATES DISTRICT COURT**
DISTRICT OF MASSACHUSETTS
Western Division



| | |
|---|---|
| DAVID MAZZA,<br>            Plaintiff<br><br>vs.<br><br>AETNA CASUALTY AND LIFE INSURANCE COMPANY, et. al.<br>            Defendants. | CIVIL ACTION NO.<br>04-30020-MAP |

### DEFENDANT, AETNA CASUALTY AND LIFE INSURANCE COMPANY'S[1] RESPONSE TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

The defendant in this action, incorrectly named as Aetna Casualty and Life Insurance Company but which in actual fact should be Aetna Life Insurance Company ("Aetna")[2], files this response to the plaintiff's motion for relief from judgment.

As the Court is aware, Aetna's motion to dismiss the plaintiff's complaint against it was granted by this Court after the plaintiff failed to oppose the motion. The plaintiff has now filed a motion for relief from judgment arguing that the plaintiff's failure to file the opposition on time was the result of excusable neglect.

---

[1] Aetna Casualty and Life Insurance Company, the named defendant in this action, actually does not exist, and the plaintiff's identification of the defendant is a misnomer. The appropriate defendant should be Aetna Life Insurance Company.

[2] See fn. 1 *supra*.

Aetna does not oppose the motion, to the extent that granting the motion leads only to the Court hearing and deciding Aetna's prior motions to dismiss and to strike the jury demand on their merits; to the extent that the motion requests, or if granted would lead to, any other relief, Aetna does oppose it as unwarranted. Aetna does believe, however, that it is necessary to correct the record with regard to certain points contained in the plaintiff's motion, namely the assertion that the plaintiff's counsel had advised Aetna's counsel that an opposition would be late and that Aetna's counsel, in the words of the plaintiff's motion, "did not voice any objection." This conversation did not take place, although a very similar conversation did, and Aetna has no doubt that the plaintiff's depiction of the conversation simply reflects an honest error in recollection on the part of plaintiff's counsel.

The conversation that did occur consisted of the plaintiff's counsel contacting Aetna's counsel after receiving Aetna's motions and advising Aetna's counsel that the plaintiff would be filing an opposition, but stating that it would not be filed immediately because the plaintiff's counsel was having surgery the next day. Aetna's counsel advised plaintiff's counsel that Aetna, under the circumstances, would certainly be willing to agree to an extension of time to file an opposition if one was needed by plaintiff's counsel, but plaintiff's counsel replied that an extension was not necessary. Plaintiff's counsel did not advise Aetna at that time that the opposition would be filed late, and plaintiff's counsel did not contact Aetna's counsel again concerning this matter at any time prior to the Court granting Aetna's motion to dismiss.

Given, however, as noted above, Aetna's assumption that plaintiff's counsel is simply mistaken as to the contents of the conversation, which occurred some weeks ago, and the fact that Aetna would certainly have agreed to an extension of time if the plaintiff had requested one, Aetna does not object to this Court setting aside the dismissal, and instead hearing and deciding Aetna's

motions on the merits. If, however, the plaintiff's motion should be deemed as seeking any other relief, such as an outright determination that the complaint should not be dismissed, Aetna does oppose the motion; as detailed in Lexington's memorandum in support of its motion to dismiss, the facts of this matter and the relevant law warrant dismissal.

                              Respectfully submitted,

                              **Aetna Life Insurance Company**
                              By its attorneys,

**Dated:** May 24, 2004

                              Stephen D. Rosenberg
                              **McCormack & Epstein**
                              One International Place - 7th Floor
                              Boston, MA   02110
                              Ph:  617/951-2929
                              Fax: 617/951-2672

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record by depositing a copy hereof in the U.S. Mail, postage prepaid, addressed to:

> Anthony G. Collins, Esq.
> 121 State Street - Suite 102
> Springfield, MA   01103
> Ph: 413/746-9003
> *[Attorney for Plaintiff]*
>
> Amy D. Seifer, Esq.
> Lisa M. Birkdale, Esq.
> **Verizon Communications, Inc.**
> Legal Department
> 185 Franklin Street
> Boston, MA   02110-1585
> Ph: 617/743-5764
> *[Attorneys for Defendants
> Verizon New England, Inc. and
> Verizon Communications, Inc.]*
>
> Karen M. Wahle, Esq.
> **O'Melveny & Myers, LLP**
> 1625 Eye Street, NW
> Washington, D.C.   20006
> Ph: 202/383-5300
> *[Attorneys for Defendants]*

**DATED** this 24th day of May, 2004.

_____
Stephen D. Rosenberg
**McCormack & Epstein**
One International Place - 7th Floor
Boston, MA   02110
Ph: 617/951-2929
*[Attorney for Defendant, Aetna]*

63215.1