UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DAVID MAZZA,                     )
                    Plaintiff   )
                                )
          v.                    ) CIVIL ACTION NO. 04-30020-MAP
                                )
AETNA CASUALTY AND LIFE         )
INSURANCE COMPANY, ET AL,       )
                    Defendants  )

MEMORANDUM AND ORDER REGARDING
DEFENDANT AETNA'S MOTION TO DISMISS AND
MOTION TO STRIKE JURY DEMAND
(Docket Nos. 5 & 7)

September 17, 2004

PONSOR, U.S.D.J.

        Counsel for the plaintiff and for the defendant Aetna
Casualty and Life Insurance Company ("Aetna") came before this
court for argument on Aetna's Motion to Dismiss and Motion to
Strike on September 16, 2004.  At that time, the court indicated
it would be allowing the Motion to Dismiss and set forth its
reasons in detail orally.  The Motion to Strike Jury Demand is
hereby also ALLOWED, without opposition

        In sum, the undisputed fact that Aetna is no longer the
administrator of the ERISA plan that forms the basis of this
lawsuit is fatal to any claim against ERISA.  Hall v. Lhacho,
Inc., 140 F.3d 1190, 1195 (8th Cir. 1998).  In this regard, it is
worth noting that the plaintiff will have an opportunity to
obtain all his remedies pursuant to ERISA against the remaining
defendants in the case.

        With regard to the plaintiff's claim pursuant to Mass. Gen.
Laws ch. 176D, the claim is preempted under ERISA, pursuant to

<u>Hotz v. BlueCross BlueShield of Massachusetts</u>, 292 F.3d 57, 60 (1st Cir. 2002).  For these reasons, and for reasons set forth in more detail orally, the Motion to Dismiss is hereby ALLOWED.  As noted, the Motion to Strike is also ALLOWED.

The clerk is ordered to refer this matter to Magistrate Judge Neiman for a prompt pretrial scheduling conference pursuant to Fed. R. Civ. 16 with the plaintiff and the remaining defendants.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge

-2-