

# O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| LOS ANGELES<br>CENTURY CITY<br>IRVINE SPECTRUM<br>NEWPORT BEACH<br>NEW YORK<br>SAN FRANCISCO<br>SILICON VALLEY | 1625 Eye Street, NW<br>Washington, D.C. 20006-4001<br><br>TELEPHONE (202) 383-5300<br>FACSIMILE (202) 383-5414<br>INTERNET www.omm.com | TYSONS CORNER<br>BEIJING<br>HONG KONG<br>LONDON<br>SHANGHAI<br>TOKYO |

November 10, 2004

**VIA OVERNIGHT MAIL**

The Honorable Kenneth P. Neiman
U.S. Magistrate Judge
United States District Court
1550 Main Street
Springfield, MA  01103

OUR FILE NUMBER
892050-288

WRITER'S DIRECT DIAL
(202) 383-5366

WRITER'S E-MAIL ADDRESS
kwahle@omm.com

Re:  *Mazza v. Verizon (Case No. 3:04-cv-30020-MAP)*

Dear Magistrate Judge Neiman:

    This firm represents the remaining defendants in the above matter, Verizon Sickness and Accident Disability Benefit Plan for New England Associates and Verizon Communications Inc.

    On October 21, 2004, Your Honor issued the attached Notice of Scheduling Conference, setting the initial scheduling conference in this matter for Monday, November 22, 2004 at 10:00 a.m. in Springfield.  Pursuant to the Local Rules, I have conferred with Anthony Collins, counsel for plaintiff, and we have agreed upon a proposed pretrial schedule including a plan for discovery.

    Given that the parties agree on a proposed pretrial schedule, we request that the initial scheduling conference be held by telephone to avoid the expense and time of travel.  Mr. Collins joins me in this request.

    We appreciate your consideration of this request.

Sincerely,

Karen M. Wahle
of O'MELVENY & MYERS LLP

cc: Anthony Collins
DC1:604745.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID MAZZA,            )
            Plaintiff(s)  )
                        )
v.                      )   Civil Action No. 04-30020-MAP
                        )
AETNA CASUALTY AND LIFE )
INSURANCE CO., et al.,  )
            Defendant(s) )

## NOTICE OF SCHEDULING CONFERENCE

An initial scheduling conference will be held on November 22, 2004 at 10:00 a.m. before Kenneth P. Neiman, U.S.M.J. at the U.S. District Court, Fifth Floor, 1550 Main Street, Springfield, Massachusetts, in accordance with Fed. R. Civ. P. 16(b) and Local Rule 16.1. The Court considers attendance of the senior lawyers ultimately responsible for the case and compliance with Sections (B), (C), and (D) of Local Rule 16.1 to be of the utmost importance. Counsel may be given a continuance only if actually engaged on trial. Failure to comply with this notice and with Sections (B), (C), and (D) of Local Rule 16.1 may result in sanctions under Local Rule 1.3. Counsel for the plaintiff is responsible for ensuring that all parties and/or their attorneys, who have not filed an answer or appearance with the court, are notified of the scheduling conference date.

KENNETH P. NEIMAN,
U.S. Magistrate Judge

October 21, 2004       By: /s/ Bethaney A. Healy
Date                        Bethaney A. Healy,
                            Deputy Clerk
                            (413) 785-0244

---

These sections of Local Rule 16.1 provide:

(B)  **Obligation of counsel to confer:** Unless otherwise ordered by the Judge, counsel for the parties shall confer no later that twenty-one (21) days prior to the date for the scheduling conference for the purpose of:

    (1)    preparing an agenda of matters to be discussed at the scheduling conference;
    (2)    preparing a proposed pretrial schedule for the case that includes a plan for discovery;
    (3)    considering whether they will consent to trial by Magistrate Judge;

(C)    <u>Settlement Proposals</u>: Unless otherwise ordered, the plaintiff shall present written settlement proposals to all defendants no later than ten (10) days prior to the date for the scheduling conference. Defense counsel shall have conferred with their clients on the subject of settlement prior to the scheduling conference and be prepared to respond to the proposals at the scheduling conference.

(D)    <u>Joint Statement</u>: Unless otherwise ordered, the parties are required to file, **no later than November 18, 2004**, a joint statement containing a proposed pretrial schedule, which shall include:

    (1)    a joint discovery plan scheduling the time and length for all discovery events, that shall:
        (a) confirm the obligation to limit discovery set forth in Fed. R. Civ. P. 26(b) and
        (b) consider the desirability of conducting phased discovery in which the first phase is limited to developing information needed for a realistic assessment of the case and, if the case does not terminate, the second phase is directed at information needed to prepare for trial; and
    (2)    a proposed schedule for the filing of motions, and
    (3)    certifications signed by counsel and by an authorized representative of each party affirming that each party and that party's counsel have conferred:
        (a) with a view of establishing a budget for the costs of conducting the full course, and various alternative courses, of the litigation; and
        (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

    To the extent that all parties are able to reach agreement on a proposed pretrial schedule, they shall so indicate. To the extent that the parties differ on what the pretrial schedule should be, they shall set forth separately the items on which they differ and indicate the nature of that difference. The purpose of the parties' proposed pretrial schedule or schedules shall be to advise the judge of the parties' proposed agenda for the scheduling conference, and their proposed pretrial schedule or schedules, shall be considered by the judge as advisory only.