UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

C.A. NO. 04-30020-MAP

| | |
|---|---|
| DAVID MAZZA,<br>           Plaintiff<br><br>vs.<br><br><br>VERIZON SICKNESS AND ACCIDENT<br>DISABILITY BENEFIT PLAN FOR<br>NEW ENGLAND ASSOCIATES, VERIZON<br>COMMUNICATIONS, INC., AETNA<br>CASUALTY AND LIFE INSURANCE<br>COMPANY,<br>           Defendants | **PARTIES' JOINT STATEMENT REGARDING RULE 26(f) PRETRIAL SCHEDULING CONFERENCE** |

Pursuant to Fed. R. Civ. P. 26(f) and 16(b), the Plaintiff David Mazza and the Defendants Verizon Sickness and Accident Disability Benefit Plan for New England Associates and Verizon Communications, Inc. (hereinafter "Defendants") have conducted a teleconference to discuss the Scheduling Conference to be held on November 22, 2004 before the Honorable Magistrate Judge Neiman. The parties hereby submit the following as their Joint Statement regarding said conference:

**1. *Discovery*:** The parties agree that 120 days should be sufficient to serve and respond to necessary discovery requests

2

by both parties. If agreeable to the Defendants, the Plaintiff would be amenable to conducting phased discovery as contemplated in the Notice of Scheduling Conference, and thus, the 120 day discovery period would serve to provide the parties with a realistic assessment of the case and determine whether the matter should proceed to trial. The parties reserve the right to move the Court for additional time for discovery or to revise the other provisions of this statement regarding discovery. The parties further acknowledge their obligation to limit discovery as per Fed. R. Civ. P. 26(b).

2. **_Motions_**: At this time, without the benefit of full discovery or a Final Pre-Trial Conference, the parties would simply request that any motions be filed no later than One Hundred Twenty (120) days prior to trial.

3. **_Settlement Proposals_**: The Plaintiff sent an original settlement proposal to Defendants' counsel on or about November 2, 2004 and an amended proposal on or about November 9, 2004. The parties have had ongoing discussions about these proposals.

4. **_Alternative Dispute Resolution_**: None of the parties have ruled out the use of alternative dispute methods in an attempt to resolve the instant matter short of trial, although at this juncture there is no formal agreement or plan to do so.

5. **_Trial by Magistrate Judge_**: At this juncture, the parties are

3

not prepared to consent to a trial by Magistrate Judge. However, the parties reserve their right to seasonably amend their position in this regard.

THE DEFENDANTS
VERIZON SICKNESS AND ACCIDENT
DISABILITY PLAN FOR NEW ENGLAND
ASSOCIATES and VERIZON
COMMUNICATIONS INC.

by: Karen M. Wahle, Esq.
O'Melveny & Myers, LLP
1625 Eye Street, NW
Washington, D.C. 20006
(202) 383-5300
(202) 383-5414 (fax)

Dated: 11/18/04

THE PLAINTIFF
DAVID MAZZA

by: Anthony G. Collins, Esq.
121 State St.-Suite 102
Springfield, MA 01103
(413) 746-9003
(413) 746-4114 (fax)
BBO# 561180

TOTAL P.04