UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID MAZZA,                           )
              Plaintiff       )
                              )
                              )
    v.                         )   Civil Action No. 04-30020-MAP
                              )
                              )
VERIZON SICKNESS AND ACCIDENT          )
DISABILITY BENEFIT PLAN FOR            )
NEW ENGLAND ASSOCIATES and             )
VERIZON COMMUNICATIONS, INC.,          )
              Defendants      )

ORDER REGULATING PROCEEDINGS
(JUDICIAL REVIEW OF OUT-OF-COURT
NONGOVERNMENTAL DECISIONS)
November 22, 2004

NEIMAN, U.S.M.J.

This case involves judicial review of an out-of-court decision of a nongovernmental decision-maker. That decision concerned a claim for a waiver of premiums under an employee benefit plan regulated by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. David Mazza ("Plaintiff") has invoked 29 U.S.C. § 1132 under which a civil action may be brought by a participant or beneficiary to enforce rights under the terms of a plan.

A.  The Record for Judicial Review

Ordinarily the focal point of a court's judicial review of an out-of-court decision is the record on which that decision was made. *Recupero v. New England Tel. & Tel. Co.*, 118 F.3d 820, 833-34 (1st Cir. 1997). *Cf. Sierra Club v. Marsh*, 976 F.2d 763, 769

(1st Cir. 1992) (citing *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402 (1971) with respect to judicial review of governmental decisionmaking on an "administrative record"). If the out-of-court decision was properly made, the record for judicial review is ordinarily available to one or more of the parties before the court.

Verizon Sickness and Accident Disability Benefit Plan and Verizon Communications, Inc. ("Defendants") shall provide a copy of the proposed record for judicial review to Plaintiff by December 23, 2004. If Plaintiff claims that the record is incomplete or inaccurate in any way, he shall so notify Defendants by January 12, 2005. If no such notice is provided, then Defendants shall immediately file with the court each of the documents served on Plaintiff entitled "Agreed Record for Judicial Review." If Plaintiff does provide such notice to Defendants by January 12, 2005, the parties must confer by January 26, 2005, and attempt to ascertain an agreed record. If the parties come to an agreement, they are to promptly file an "Agreed Record for Judicial Review."

If the parties cannot agree upon the record, they shall file by February 4, 2005, a document entitled "Partial Record for Judicial Review" which contains the particular record upon which the parties agree. Then, by February 17, 2005, the parties shall file motions concerning any additional material they seek to have added to the record for judicial review, to which oppositions shall be filed by March 4, 2005.

B.  Scope of the Court's Review

By January 26, 2005, the parties shall confer regarding the applicable scope of judicial review. If the parties disagree about the scope of the court's review, each party shall file with the court a memorandum of no more than seven pages double-spaced by

February 4, 2005.

C. <u>Proposed Discovery About the Record or for Other Purposes</u>

If any party proposes that it is entitled to any further discovery or disclosure for the purpose of obtaining access to evidence that it might offer, at trial or in some other way, to supplement the record, it must file with the court by February 17, 2005, a submission showing cause for being allowed such discovery, to which an opposition shall be filed by March 4, 2005. Such submission shall be in the form of a memorandum of law of no more than five pages double spaced. The court expects the memorandum to address with a significant degree of particularity what discovery or disclosure is sought and why reason exists to expect that the discovery would be properly received to constitute or supplement the record, or for some other purpose, and how the proffered evidence would be material to the disposition of this action.

D. <u>Schedule</u>

The court hereby schedules a conference for March 17, 2005, at 2:30 p.m. in Courtroom I, at which time the parties' motions and responses to the instant order will be addressed. If the parties agree upon the record and the scope of review, and if neither party seeks further discovery, the conference is hereby cancelled and the parties shall abide by the following schedule:

i. Defendants shall file their motion for summary judgment by March 17, 2005.

ii. Plaintiff shall file his opposition and cross motion for summary judgment by April 7, 2005, to which Defendants shall respond by April 21, 2005.

IT IS SO ORDERED.

DATED:   November 22, 2004

    /s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge