UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

C.A. NO. 04-30020-MAP

| | |
|---|---|
| DAVID MAZZA,<br>        Plaintiff<br><br>vs.<br><br>VERIZON SICKNESS AND ACCIDENT<br>DISABILITY BENEFIT PLAN FOR<br>NEW ENGLAND ASSOCIATES, VERIZON<br>COMMUNICATIONS, INC., AETNA<br>CASUALTY AND LIFE INSURANCE<br>COMPANY,<br>        Defendants | **PLAINTIFF'S NOTICE OF OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION, AND MOTION TO RECONSIDER OR AMEND FINAL JUDGMENT** |

Pursuant to Rule 3(b) for United States Magistrates in the United States District Court for the District of Massachusetts, Plaintiff hereby **OBJECTS** to the Report and Recommendation of the Magistrate regarding the parties' cross-motions for summary judgment. While the rule urges specification as to the portions of the proposed findings to which objection is made, that is impossible in the instant matter. In particular, objection is made to the whole of the magistrate's report in that the scant two pages of the findings actually devoted to "putting to rest" the Plaintiff's arguments appears to have mischaracterized or perhaps even avoided the Plaintiff's ultimate claim that, in this one case, Verizon managed to engage in every single form of

2

claims administration conduct which has been disfavored and/or deemed unlawful by courts in this and other circuits, and that while one of two of these transgressions might not carry the day within the ERISA framework, the cumulative effect is the epitome of arbitrary and capricious behavior.

Commensurate with the above cited objection, the Plaintiff also moves pursuant to Fed. R. Civ. P. 59(e) to reconsider or amend the judgment rendered by this court (Ponsor, J.) on or about January 20, 2006. Of particular concern is the segment wherein the Court suggests that the undersigned received Magistrate Neiman's December 22, 2005 Report and Recommendation in a timely fashion and then failed to object to same within the requisite ten day period. In point of fact, as evidenced by the attached affidavits, the undersigned did not receive said Report and Recommendation until January 25, 2006 (two days _after_ receiving Judge Ponsor's judgment alluding to the Report). At a minimum, therefore, the Plaintiff is respectfully requesting that the Judgment be amended to reflect that a timely objection was in fact made to the Magistrate's Report and Recommendation such that the Plaintiff's appellate rights will be preserved.

THE PLAINTIFF
DAVID MAZZA

by: Anthony G. Collins, Esq.
121 State St.-Suite 102
Springfield, MA 01103
(413) 746-9003
(413) 746-4114 (fax)
BBO# 561180

Dated: 1/27/06

**AFFIDAVIT**

I, Anthony G. Collins, Esq., hereby on oath depose and state the following:

1. I am the attorney of record for the Plaintiff David Mazza with regard to the matter presently before the court;

2. On July 20, 2005 the parties argued their respective summary judgment motions before Magistrate Neiman;

3. The first occasion the undersigned affiant received any information from the court regarding a decision or recommendation from Magistrate Neiman on the motions was on January 23, 2006 when Judge Ponsor's decision referencing the magistrate's Report and Recommendation was received via first class mail. On that same date (1/25/06) at approximately 11:55 a.m., the undersigned affiant contacted the court and spoke with Deputy Clerk Mary Finn, explained the situation, and asked her to send a copy of Magistrate Neiman's report forthwith;

4. A copy of Magistrate Neiman's report was received by my office for the first time on January 25, 2006 via first class mail;

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 27th DAY OF JANUARY, 2006**

_____
Anthony G. Collins, Esq.

## AFFIDAVIT

I, Timothy Kotfila, Esq., on oath, hereby depose and state as follows:

1. I am an attorney licensed to practice law in the Commonwealth of Massachusetts. My office is located at 121 State Street, Springfield, Massachusetts. I share office space at that address with Attorney Anthony G. Collins.

2. I spoke with Attorney Collins on multiple occasions regarding a summary judgment motion he argued before Magistrate Neiman. I knew Attorney Collins' client to be David Mazza in the case. Specifically, Attorney Collins and I spoke about the fact that he had not received any decision in the case despite the fact that it had been argued several months earlier. I have a specific memory of the case because it was the only pending matter either Attorney Collins or I had in the United States Federal Court.

3. I receive the mail almost every day at the office. At no point did I recall seeing an envelope to Attorney Collins from the United States Federal Court until January 23, 2006.

SUBSCRIBED AND SWORN TO UNDER THE PAINS AND PENALTIES OF PERJURY THIS 27TH DAY OF JANUARY, 2006.

_____
Timothy Kotfila, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused a true copy of the following documents:

1. **PLAINTIFF'S OBJECTION TO MAGISTRATE'S REPORT AND MOTION TO RECONSIDER OR AMEND FINAL JUDGMENT**

to be served upon all parties by mailing the same, first class mail postage pre-paid, to the following:

Karen M. Wahle, Esq.
O'Melveny & Myers, LLP
1625 Eye Street, NW
Washington, D.C.
20006

by: /s/ Anthony G. Collins
Anthony G. Collins, Esq.
121 State St.-Suite 102
Springfield, Ma.  01103
(413) 746-9003
BBO# 561180
(Attorney for Plaintiff)

Dated: 1/27/06