UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DAVID MAZZA,                    )
    Plaintiff               )
                             )
                v.           )  C.A. NO. 04-30020-MAP
                             )
VERIZON SICKNESS AND ACCIDENT)
DISABILITY BENEFIT PLAN FOR  )
NEW ENGLAND ASSOCIATES, ET AL)
    Defendants               )

MEMORANDUM AND ORDER REGARDING
PLAINTIFF'S OBJECTION TO
REPORT AND RECOMMENDATION AND
PLAINTIFF'S MOTION FOR RECONSIDERATION
AND MOTION TO AMEND JUDGMENT
(Docket Nos. 38 & 39)

February 7, 2006

PONSOR, D.J.

    On December 22, 2005, Magistrate Judge Kenneth P. Neiman issued his Report and Recommendation to the effect that Defendants' pending Motion for Summary Judgment should be allowed and Plaintiff's Motion for Summary Judgment should be denied.  The Report and Recommendation notified the parties of their obligation to file objections within ten days of receipt.  Despite this, Plaintiff filed no objection to the Report and Recommendation.  As a result, on January 20, 2006, this court adopted the Report and Recommendation, allowed Defendants' Motion for Summary Judgment and ordered entry of judgment for Defendants on all claims.

    On January 27, 2006, the court received Plaintiff's

Objection (Docket No. 38) and Motion for Reconsideration and Motion to Amend Judgment (Docket No. 39). In these, Plaintiff's counsel objected that he never received a copy of the Report and Recommendation.[1] In order to insure fairness to Plaintiff, the court notes and overrules the objection and hereby DENIES the Motion for Reconsideration (Docket No. 39). The court hereby ALLOWS the Motion to Amend Judgment (also Docket No. 39). The clerk is ordered to enter an Amended Judgment from this date, in order to give Plaintiff an appropriate amount of time, if he desires, to file an appeal with the First Circuit.

    It is So Ordered.

                                                 /s/ Michael A. Ponsor
                                                 MICHAEL A. PONSOR
                                                 U. S. District Judge

---

[1] The explanation for counsel's lack of receipt is suggested by the affidavit of Timothy Kotfila, which observes that at no point did he "recall seeing an envelope" from the court. Generally speaking, communications from the court do not come via envelope but through the court's electronic communication system. Counsel is now obliged to register for this system and arrange his practice to insure that electronic notifications are received. Perhaps this was done by Plaintiff's counsel in this case and, through some hitch, the communication was not received. On the other hand, it appears possible that counsel was either not properly registered for electronic communications, or was not monitoring them properly. In any event, to insure fairness, the court will accept the late objection for now.